# In the United States Court of Federal Claims

No. 19-760C

(Filed: July 26, 2019)

**(NOT TO BE PUBLISHED)**

```
***********************************   )
JAMEEL IBRAHIM,                       )
                                      )
                    Plaintiff,        )
                                      )
     v.                               )
                                      )
UNITED STATES,                        )
                                      )
                    Defendant.        )
                                      )
***********************************
```

Jameel Ibrahim, *pro se*, Newark, New Jersey

Erin K. Murdock-Park, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Civil Division, and Robert E. Kirschman, Jr., Director, and Deborah A. Bynum, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Senior Judge.

Pending before the court is the United States' (the "government's") motion to dismiss the complaint filed by Mr. Jameel Ibrahim, also known as James Holloway. The government's motion invokes Rules 12(b)(1) and 12(b)(6) of the Rules of the Court of Federal Claims ("RCFC"). *See* Def.'s Mot. to Dismiss ("Def.'s Mot."), ECF No. 9. Because this court lacks subject-matter jurisdiction over the complaint and because Mr. Ibrahim has failed to state a claim for which relief can be granted, the government's motion to dismiss the complaint is GRANTED.

## BACKGROUND

Mr. Ibrahim filed his complaint with this court on May 17, 2019. *See* Compl., ECF No. 1.[1] Mr. Ibrahim alleges that the government entered "into a[n] implied by law contract with

---

[1] Citations to the complaint and its attachments correspond to the page marking as reproduced in the Electronic Case Filing system.

[him]" on April 26, 2000, Compl. at 1, and that "plaintiff counter offer[ed] the contract with his conditional acceptance" on January 23, 2019, Compl. at 1. According to Mr. Ibrahim, the "contract has several conditions[,] including 10 days for [the] defendant to respon[d] . . . and an arbitration clause." Compl. at 1. For relief, Mr. Ibrahim asks for $3.5 million dollars from "each defendant." Compl. at 3. It is not evident who the individual defendants are, but Mr. Ibrahim states he is seeking "[$]3.5 million[] x 6" on the cover sheet. Compl. Ex. 1 at 1. In the alternative, Mr. Ibrahim states he will accept a "one[-]time tax-exempted payment of [$]3.5 million [] [d]ollars." Compl. at 3.

On May 28, 2019, Mr. Ibrahim supplemented his complaint by leave of the court. *See* Pl.'s Suppl. to Compl. (Pl.'s Suppl."), ECF No. 5. In the supplement, Mr. Ibrahim appears to include the alleged "implied by law contract." *Id.* at 2. The alleged contract is addressed to the "State of New Jersey Attorney General," the "Department of Justice," the "Department of Agriculture," the "United States Supreme Court," and the Department of "Health and Human Service[s]." Pl.'s Suppl. Ex. 1 at 2. The alleged contract appears to take issue with the legitimacy of federal agencies and the United States dollar, *id.* Ex. 1 at 2-4, and notes Mr. Ibrahim is not "a signatory; nor a party, to your 'social compact' [] known as the Constitution," *id.* Ex. 1 at 8,[2] among other claims, *see id.* Ex. 1 at 5-8. The supplement also contains a seemingly unrelated order by a New Jersey state court in 2000 for a Mr. James Holloway to submit to blood/genetic testing to determine paternity, *id.* Ex. 1 at 15-16,[3] and a series of e-mails between Mr. Ibrahim and a New Jersey Deputy Attorney General, *id.* Ex. 1 at 17-19.

Mr. Ibrahim also filed a notice with the court on July 2, 2019 ("Pl.'s Notice"), ECF No. 8, where he objects to the "defendant['s] motion to appear" because it would "delay due process and equitable justice," as the defendant "defaulted." Pl.'s Notice at 1. In his notice, Mr. Ibrahim also appears to allege a violation of 18 U.S.C. § 242 and 245 because the alleged contract at issue was based in "[p]rivate law . . . not the law of the land," and because he "did not give any one person authorization for the use of [his] [n]ame and personal property for their gain." Pl.'s Notice at 1. The government subsequently filed its motion to dismiss. *See* Def.'s Mot.

## STANDARDS FOR DECISION

*Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction*

---

[2]The court takes judicial notice of the fact that Mr. Ibrahim was not a signatory to the United States Constitution. Neither was James Holloway.

[3]The New Jersey state court order appears to be directed towards Mr. Ibrahim, who may have previously used the name James Holloway. Pl.'s Suppl. Ex. 1 at 15; *see also Ibrahim v. New Jersey Attorney General*, No. 18-3461, 2019 WL 219986 (D.N.J. Jan. 16, 2019) (describing Mr. Ibrahim's unsuccessful attempt to vacate a child support order on the grounds he submitted to the 2000 New Jersey state court order "under duress").

The Tucker Act provides this court with jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). To invoke this court's Tucker Act jurisdiction, "a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part) (citing *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976)). If a plaintiff fails to raise a claim under a money-mandating provision, this court "should [dismiss] for lack of subject matter jurisdiction." *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1308 (Fed. Cir. 2008) (quoting *Greenlee Cty. v. United States*, 487 F.3d 871, 876 (Fed. Cir. 2007)).

A claim in this court is "barred unless the petition thereon is filed within six years after such claim first accrues." 28 U.S.C. § 2501. This six-year statute of limitations is jurisdictional. *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 134 (2008).

Mr. Ibrahim, as plaintiff, must establish jurisdiction by a preponderance of the evidence. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988)).[4] When ruling on a motion to dismiss for lack of jurisdiction, the court must "accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Id.* (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "If a court lacks jurisdiction to decide the merits of a case, dismissal is required as a matter of law." *Gray v. United States*, 69 Fed. Cl. 95, 98 (2005) (citing *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868); *Thoen v. United States*, 765 F.2d 1110, 1116 (Fed. Cir. 1985)); *see also* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

*Rule 12(b)(6) – Failure to State a Claim for which Relief can be Granted*

Under Rule 12(b)(6), a complaint that "fail[s] to state a claim upon which relief can be granted" shall be dismissed. To survive a motion invoking Rule 12(b)(6), a plaintiff's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court is bound "to take the well-pleaded factual allegations in the complaint as true." *Papasan v. Allain*, 478 U.S. 265, 283 (1986); *see also Cambridge v. United States*, 558 F.3d 1331, 1335 (Fed. Cir. 2009). "However, regardless of

---

[4] A court may "grant the *pro se* litigant leeway on procedural matters, such as pleading requirements." *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) ("An unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims.")). But this leniency cannot extend to lessening jurisdictional requirements. *See Kelley v. Secretary, United States Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not . . . take a liberal view of . . . jurisdictional requirement[s] and set a different rule for *pro se* litigants only.").

whether the plaintiff is proceeding *pro se* or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (quoting *Taylor v. Books A. Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *accord Williams v. United States*, 100 Fed. Cl. 263, 275 (2011).

## ANALYSIS

The government contends that Mr. Ibrahim's complaint should be dismissed pursuant to Rules 12(b)(1) and (6) "for lack of subject matter jurisdiction and for failure to state a claim for which relief may be granted." Def.'s Mot. at 1. According to the government's motion, Mr. Ibrahim "does not identify any basis on which this [c]ourt may exercise jurisdiction under the Tucker Act to entertain his alleged breach of contract claim, because there is no contract," *id.* and "Mr. Ibrahim fails to specify any facts that would entitle him to relief in this [c]ourt," *id.*

### I. Lack of Subject-Matter Jurisdiction

Jurisdiction is lacking to hear the claims in Mr. Ibrahim's complaint for several reasons. First, the government is correct that this court cannot hear claims for contracts "implied in law." *See Hercules Inc. v. United States*, 516 U.S. 417, 423 (1996) (citing *Sutton v. United States*, 256 U.S. 575, 581 (1921)) (additional citations omitted). "[I]mplied in law" contracts do not fall within the jurisdictional mandate of the Tucker Act. *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1324-25 (Fed. Cir. 1997) (citing *Hercules*, 516 U.S. at 523).

Second, Mr. Ibrahim has not shown by plausible evidentiary allegations that a contract existed between him and the United States government. *See Trusted Integration*, 659 F.3d at 1163. While Mr. Ibrahim alleges that the United States offered him a contract in the year 2000, he provides no proof of that contract. Rather, Mr. Ibrahim only provides his proposed counteroffer, addressed to various government agencies but only signed by him. Pl.'s Suppl. Ex. 1 at 2, 14.

Third, even assuming the government did offer Mr. Ibrahim a contract in April 2000, his attached contract can, at best, be construed as a counteroffer and not an acceptance. Pl.'s Suppl. Ex. 1 at 2 ("Conditional Acceptance [and] Counter Offer [sic] to Acceptance of Offer"); *id.* Ex. 1 at 2 ("I Jameel Ibrahim and associates have received your offer and accept your offer *under the following conditions*.") (emphasis added). "A reply to an offer which purports to accept it but is conditional on the offeror's assent to terms additional to or different from those offered is *not an acceptance* but is a counter-offer." *First Commerce Corp. v. United States*, 335 F.3d 1372, 1381 (Fed. Cir. 2003) (quoting Restatement (Second) of Contracts § 59 (1981)) (emphasis added) (also citing *Buesing v. United States*, 47 Fed. Cl. 621, 632-33 (2000)). Thus, Mr. Ibrahim's response to the alleged contract offer was a counteroffer, and no contract formed, whether "implied in law" or otherwise.

Fourth, Mr. Ibrahim appears to allege violations by the United States of the Uniform Commercial Code ("UCC"). Compl. at 2 ("plaintiff place[d] UCC liens on defendants in the

amount of [$] 3.5 million[] [d]ollars"). But the UCC does not apply to the United States. *Kemp v. United States*, 124 Fed. Cl. 387, 393 (2015). Indeed, the UCC itself is not law, but is "adopted as law separately by the states, [and] it is not a federal law." *Id.* Therefore, any claims by Mr. Ibrahim related to the UCC would fall outside this court's jurisdiction.

## II. No Claim for which Relief can be Granted

In addition, Mr. Ibrahim has failed to state a claim for which relief can be granted. His complaint alleges implausible facts about an alleged contract between him and the United States government. The attached "contract" is only signed by Mr. Ibrahim and alleges bizarre circumstances that would not entitle him to compensation. *See, e.g.*, Pl.'s Suppl. Ex. 1 at 3. For example, there is no basis for his allegation that a "Proof of Claim" asserting that "all property in the United States is owned by the state by virtue of the government" would entitle Mr. Ibrahim to millions of dollars in compensation. *Id.* Ex. 1 at 5. These factual contentions are "clearly baseless," and the court therefore should "pierce the veil of the complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). And the remainder of his complaint is "based on an indisputably meritless legal theory." *Id.* at 327. Consequently, because Mr. Ibrahim's complaint fails to allege sufficient facts that make his claims for relief "plausible on [their] face," *Iqbal*, 556 U.S. at 678, the court must dismiss his claims.

## CONCLUSION

For the reasons stated, the government's motion to dismiss Mr. Ibrahim's complaint is GRANTED. Mr. Ibrahim's complaint shall be DISMISSED. The clerk shall enter judgment accordingly.

No costs.

It is so **ORDERED**.

Charles F. Lettow
Senior Judge